UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKELY

TYRONE YOUNG,

      Petitioner,

v.

                                  CIVIL ACTION NO. 5:24-cv-00498

FCI BECKLEY WARDEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is Petitioner Tyrone Young's *pro se* Objections [ECF 18] to the Proposed Findings and Recommendations ("PF&R") entered by the Honorable Joseph K. Reeder, United States Magistrate Judge, on September 24, 2025. [ECF 15].

## I.

This action was previously referred to Magistrate Judge Reeder, for submission of a PF&R. Magistrate Judge Reeder filed his PF&R [ECF 15] on September 24, 2025, in which he addressed Mr. Young's Petition for a Writ Habeas Corpus under 28 U.S.C. § 2241, alleging the Bureau of Prison's ("BOP") regulations interpretating the First Step Act ("FSA") are unconstitutional. [*Id.* at 16, 23]. Magistrate Judge Reeder recommended the Court deny Mr. Young's § 2241 Petition and remove this matter from the docket. [*Id.* at 23]. Mr. Young timely objected to the PF&R on October 21, 2025. [ECF 18].

## II.

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection… is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotations omitted)); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988).

A court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982). When assessing *pro se* objections, a court must "liberally construe [the] objections while maintaining constitutional limitations on a magistrate's authority." *Elijah v. Dunbar,* 66 F.4th 454, 461 (4th Cir. 2023).

The Court notes Mr. Young's objections largely reiterate his claims against Respondent Warden, alleging improper calculation of his PATTERN score and violent history points. [ECF 18 at 1–2]. Nonetheless, Mr. Young has made three cognizable and substantive objections to the PF&R warranting review.

**III.**

**A.     *Lack of Reply to Petitioner's Response Brief***

Mr. Young first objects to the Magistrate Judge's conclusion that Respondent Warden was not required to reply to his response to Respondent Warden's answer/request for dismissal. He specifically alleges due to the lack of reply, "the Magistrate Judge was required to accept all allegations as true, given there is no genuine issue of fact and the Respondent failed to dispute [his] allegations. . ." [ECF 18 at 1]. Mr. Young is mistaken.

Under Rule 7(a), while reply pleadings are permitted if ordered by the court, a failure to reply does not amount to a concession on the merits of a petitioner's claims. *See* Fed. R. Civ. P. 7(a). Indeed, Respondent Warden actively disputed Mr. Young's claims in his December 2, 2024, response to Magistrate Judge Reeder's Show Cause Order, to which Mr. Young responded in opposition [ECF 8] on February 21, 2025. While Respondent Warden was permitted to reply to Mr. Young's response within 14 days [ECF 5], his failure to do so does not warrant the relief Mr. Young suggests.

In assessing Respondent Warden's request for dismissal raised in his December 2, 2024, response, Magistrate Judge Reeder correctly applied the requisite Rule 12 standards, which required him to accept Mr. Young's "well-pleaded allegations in the petition as true and draw all reasonable factual inferences in [his] favor[.]" [ECF 15 at 5 (internal quotations and citations omitted)]; *see also id*. (correctly explaining notwithstanding the Rule 12(b)(6) and 12(c) standards "the court is not obliged to accept allegations that represent unwarranted inferences, unreasonable conclusions, or arguments, or that contradict matters properly subject to judicial notice or by exhibit." (internal quotations and citations omitted))]. Contrary to Mr. Young's assertion, no actionable error is present.

**B.      *Failure to Exhaust***

Mr. Young next objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies on all claims, excluding his claim concerning improper assessment and application of his violent criminal points. He specifically objections to the Magistrate Judge's finding that both parties failed to provide the Court with exhaustion documentation pertaining to Mr. Young's claim respecting the application of his "Earned Time Credits" under the FSA. [*See* ECF 15 at 10]. To the contrary, Mr. Young asserts he submitted proof of his exhaustion through the various affidavits filed with his original petition and a copy of his "Administrative Remedy Generalized Retrieval" form provided with his objections. [Ex. A., ECF 18, 1].

The Court need not wade into the exhaustion dispute given that the Magistrate Judge's recommendations for dismissal were not solely premised on Mr. Young's purported failure to exhaust. Indeed, Magistrate Judge Reeder also addressed the merits of Mr. Young's claims in detail and correctly concluded Mr. Young had failed "to assert a cognizable claim under the FSA or any other law," thus warranting dismissal of his § 2241 Petition. [ECF 15 at 23]. Simply put, even assuming Mr. Young properly exhausted all his claims as he suggests, his claims yet fail on the merits for those reasons set forth in detail in the PF&R. [*See id.* at 11–23; *see also id.* at 22 (collecting cases and explaining "[a]lthough Petitioner may clearly *earn* time credits with a medium or high-risk recidivism score, he may not have these credits *applied* to his prerelease custody or early transfer to supervised release" under 18 U.S.C. § 3624(g)) (emphasis in original)]. The objection is thus meritless.

## C.      *Reliance on Loper Bright*

Lastly, Mr. Young contends the Magistrate Judge erred in concluding his reliance on *Loper Bright Enterprises, et al. v. Raimondo*, 603 U.S. 369 (2024) was misplaced inasmuch as his assertions concerning the BOP's improper calculation of his PATTERN score amounted to a challenge of unambiguous statutes -- 18 U.S.C. §§ 3624(g)(1) and 3632 -- rather than the validity of the BOP's implementing regulations. [ECF 15 at 16-23; *see id*. at 20 (explaining "[p]ivotal to the [*Loper Bright*] analysis, is that the challenge raised pertains to a *regulation* put in place by the administrative agency (such as the BOP) that is being challenged under the APA . . . Additionally, there must be some ambiguity in the statute the agency administers in calling into question the validity of the *regulation* challenged." (emphases in original)].

Mr. Young maintains his challenge has always been to "the BOP [] regulations 28 CFR 523.42, 28 CFR 523.44(b) [*sic*], BOP Policy, and [how] BOP [p]ractice works to violate the [C]onstitution under federal law." [ECF 18 at 2]. He further asserts he was not "challenging the BOP's interpretation . . . of [the] FSA in creating the pattern [*sic*] score," but is "challeng[ing] the BOP interpretation [in] creating [28 C.F.R. §] 523.44(b)" inasmuch as "[t]he FSA . . . [was] never . . . meant to disqualify medium or High Risk level inmates from applying their FSA credits[.]" [*Id.* at 3]. He thus maintains "the BOP has adopted a misinterpretation of the statute, which has plagued the regulation," permitting judicial review under *Loper Bright.* [*Id.* at 2].

As thoroughly explained by the Magistrate Judge, under the FSA, inmates may earn credit for time served for participation in evidence-based recidivism reduction programs. 18 U.S.C. § 3632(a), (d)(4). For the earned time credits to apply to a transfer to prerelease custody or for supervised release, however, the Act expressly provides inmates must "demonstrate[] recidivism risk reduction or. . . maintain[] a minimum or low recidivism risk." 18 U.S.C §§ 3624(g)(1)(B),

(D). An individual's recidivism risk is assessed through the Prisoner Assessment Tool Targeting Estimated Risk and Needs ("PATTERN").[1] [ECF 15 at 12]. Under 18 U.S.C. § 3625, the BOP's determination of an inmate's PATTERN score is not subject to judicial review. [*Id.* at 15].

Though Mr. Young maintains his challenge is to 28 C.F.R. § 523.44(b)'s restriction on the application of earned time credits to inmates with a minimum or low recidivism risk, he fails to acknowledge the regulation mirrors the risk level restrictions unambiguously set forth in the Act itself. *See* 18 U.S.C. § 3624(g)(1)(B) ("This subsection applies in the case of a prisoner who… has [] demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk."). The Magistrate Judge thus correctly concluded Mr. Young's eligibility contentions amount to a challenge to the statute, not the regulation. Inasmuch as the statute unambiguously restricts the application of earned time credits toward pre-release custody or supervised release to inmates with low or minimum recidivism risk scores, the Magistrate Judge did not err in concluding *Loper Bright* is inapplicable. *See Purdy v. Carter*, No. CV BAH-24-582, 2024 WL 4651275, at *5 (D. Md. Nov. 1, 2024) (explaining "[t]he BOP's use of the PATTERN tool to restrict application of FSA credits to prisoners with minimum or low risk recidivism scores does not amount to an agency's 'interpretation' of a statute. Rather, the BOP has done what Congress commanded it to do: create a method by which it can be determined whether a prisoner is likely to recidivate and to withhold FSA credits until that likelihood is diminished to a minimum or low risk."); *see also Jones v. Joseph*, No. 9:24-cv-01474-JDA-MHC, 2024 WL 5340423, at *8 (D.S.C. Dec. 19, 2024) (finding *Loper Bright* inapplicable inasmuch as "[t]he statute in question .

---

[1] PATTERN scores assess an inmate's risk of reoffending for a general offense and for violent offenses. The score also considers the "inmate's age; whether he has a Walsh conviction and/or committed a violent offense; his criminal history points; history of escapes and/or violence; education score," and other various risk items in determining an inmate's recidivism risk. [ECF 15 at 12].

. . unambiguously mandates that only inmates with low and minimum recidivism scores are eligible to have earned time credits under the FSA applied toward pre-release custody or supervised release." (internal quotations and citations omitted)).

## IV.

Based on the foregoing discussion, the Court **OVERRULES** Mr. Young's objections [**ECF 18**], **ADOPTS** the PF&R [**ECF 15**], **DENIES** Mr. Young's § 2241 Petition for a Writ of Habeas Corpus [**ECF 1**], and **REMOVES** this matter from the docket.

The Clerk is directed to send a copy of this written opinion and order to counsel of record and to any unrepresented party.

ENTER:  June 15, 2026

Frank W. Volk
Chief United States District Judge

7